Cite as 26 I&N Dec. 796 (A.G. 2016)                    Interim Decision #3869

# Matter of Martin CHAIREZ-Castrejon, Respondent
# Matter of Vera SAMA, Respondent

*Decided by Attorney General September 6, 2016*

U.S. Department of Justice
Office of the Attorney General

The Attorney General lifted the stay and remanded these cases to the Board of Immigration Appeals for appropriate action.

## BEFORE THE ATTORNEY GENERAL

By Attorney General Order No. 3583-2015 (Oct. 30, 2015), I directed the Board of Immigration Appeals ("Board"), pursuant to 8 C.F.R. § 1003.1(h)(1)(i) (2015), to refer to me the above-captioned cases for review of the Board's decisions. The Board's decisions were automatically stayed pending my review. To assist me in my review, I invited the parties to these proceedings and interested amici to submit briefs addressing the following issue:

> What is the proper approach for determining "divisibility" within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013)? In particular, does *Descamps* require that a criminal statute be treated as "divisible" for purposes of the modified categorical approach only if, under applicable law, jurors must be unanimous as to the version of the offense committed?

After the parties and interested amici submitted their briefs, the United States Supreme Court granted a petition for a writ of certiorari in *Mathis v. United States*, No. 15-6092, a case presenting the question of the appropriate method for determining "divisibility" in the context of a criminal prosecution. *See* 136 S. Ct. 894 (2016) (mem.). On June 23, 2016, the Supreme Court issued its decision in *Mathis*. *See* 136 S. Ct. 2243 (2016). I now hereby lift the stay and remand these cases to the Board for any appropriate action.